IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN - 2 2011

CLERK, U.S. DISTRICT COURT
by_____
Deputy

BRENDA CARNAHAN,                      §
                                      §
          Plaintiff,                  §
                                      §
VS.                                   §   NO. 4:11-CV-223-A
                                      §
BANK OF AMERICA, NATIONAL             §
ASSOCIATION, ET AL.,                  §
                                      §
          Defendants.                 §

MEMORANDUM OPINION

and

ORDER

The court has not been persuaded that it has subject matter

jurisdiction over the above-captioned action.  Therefore, the

court is ordering the action remanded to the state court from

which it was removed.

I.

Background

On February 28, 2011, the above-captioned action was

initiated by Brenda Carnahan against defendants, Bank of America,

National Association, and Wells Fargo Bank, N.A., in the District

Court of Tarrant County, Texas, 67th Judicial District.  By

notice of removal filed April 6, 2011, defendants removed the

action to this court, alleging that this court had subject matter

jurisdiction by reason of diversity of citizenship, as

contemplated by 28 U.S.C. § 1332, and that the amount in

controversy exceeds the sum or value of $75,000, exclusive of

interest and costs, as contemplated by § 1332(a).

Defendants contend in the notice of removal that although

the petition does not allege a specific amount in controversy, a

review of the petition makes clear that the amount in controversy

exceeds the jurisdictional amount.  This conclusion is based on

the unspecified amount of damages plaintiff seeks as to her state

law claims, as well as her claims for attorney's fees and

injunctive relief.  More specifically, defendants contend that

> through her request for injunctive relief, Plaintiff
> seeks to prevent the foreclosure and repossession of
> the Property.  The amount in controversy, in an action
> for declaratory or injunctive relief, is the value of
> the right to be protected or the extent of the injury
> to be prevented.  When the right to property is at
> issue courts look to the value of the property to
> determine whether the minimum amount in controversy has
> been met for jurisdictional purposes.  Because
> Plaintiff seeks to have removed any right, title or
> interest that Defendants have in the Property, the
> value of that right must be, at a minimum, the current
> value of the Property.  Significantly, the most recent
> tax appraisal value assigned to the Property is well in
> excess of the jurisdictional limits of this Court.
> Exhibit E.  Accordingly, it is more likely than not

that the value of the Property remains well in excess
of $75,000.

Notice of Removal at 5-6 (internal quotation marks, citations,
and footnote omitted).  Thus, in defendants' view, because the
Tarrant Appraisal District purportedly appraised the property at
$162,400, that amount, combined with plaintiff's other potential
recovery, exceeds the $75,000 jurisdictional threshold.

Because of a concern that defendants had not provided the
court with information that would enable the court to find the
existence of the requisite jurisdictional amount, the court on
April 8, 2011, ordered defendants to file an amended notice of
removal, together with supporting documentation, showing that the
amount in controversy exceeds the jurisdictional amount.

Defendants filed their amended notice of removal on April
25, 2011.  In addition to the arguments raised in the original
notice of removal, defendants contended that because plaintiff
has called into question the validity of the loan and right to
title of the property, and because she has alleged that the note
has likely been paid and discharged, she is in essence asking the
court to cancel and void the note.  Under such circumstances,

where the plaintiff challenges the validity of an agreement, "the value of the agreements and/or the property at issue in the agreements controls the amount in controversy." Am. Notice of Removal at 8 (citing <u>Nationstar Mortg. LLC v. Knox</u>, 351 F. App'x 844, 848 (5th Cir. 2009)). Defendants also rely on plaintiff's request for permanent injunctive relief to prevent foreclosure, which if granted would result in plaintiff obtaining title to the property without having to pay the remaining amounts due on the note, or, if denied, would allow defendants to foreclose, causing plaintiff to lose title to the property; the value in either case, defendants contend, exceeds $75,000.

Defendants further rely on the unspecified amount of damages and attorney's fees plaintiff seeks as to her state law claims, all of which, in defendants' view, causes the amount in controversy to exceed the jurisdictional minimum.

## II.

### Basic Principles

The court starts with a statement of basic principles

announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[1] Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d

---

[1]The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(emphasis added).

at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000. <u>Id.</u>; <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir. 1995). The amount in controversy is measured from the perspective of the plaintiff. <u>See</u> <u>Garcia v. Koch Oil Co. of Texas Inc.</u>, 351 F.3d 636, 640 n.4 (5th Cir. 2003).

III.

### The True Nature of Plaintiff's Claims

The petition by which plaintiff initiated this action in the state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right sought to be protected or the extent of the injury sought to be prevented. Rather, the allegations of the petition are typical of many state court petitions that are brought before this court by notices of removal in which the plaintiff makes vague, general, and obviously legally baseless allegations in an attempt to frustrate

the procedures a lender is pursuing, or has pursued, to regain

possession of residential property the plaintiff used as security

for the making of a loan.

As the court has been required to do in other cases of this

kind, the court has undertaken an evaluation of the true nature

of plaintiff's claims. Having done so, and having considered the

authorities and arguments cited by defendants in the amended

notice of removal, the court remains unpersuaded that the amount

in controversy exceeds the required jurisdictional minimum.[2]

In the case at bar, plaintiff admits she executed a note,

secured by a deed of trust, for purchase of the property at

issue. Although the petition uses phrases such as plaintiff was

"allegedly" and "ostensibly" in default, plaintiff also admits

she attempted to obtain a loan modification from Wells Fargo Bank

for more than eighteen months but was frustrated in those efforts

by Wells Fargo. Such allegations are tantamount to plaintiff's

_____

[2]Defendants rely on Nationstar Mortg. LLC v. Knox, 351 F. App'x 844 (5th Cir. Aug. 25, 2009), a case which is not precedent. The pertinent portion of Nationstar, in turn, relies on Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547-48 (5th Cir. 1961). This court has previously explained its reasoning for finding Waller inapposite to determining the amount in controversy in cases such as the instant action, see Ballew v. America's Servicing Co., No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011), and defendants have failed to persuade the court otherwise.

admission that any claims she may have to the property would be

subject to the note and deed of trust--admissions that are

inconsistent with any claim to outright ownership of the

property.

All of defendants' arguments as to amount in controversy can

be summed up as contending that either the value of the property

or the amount of plaintiff's outstanding indebtedness on the note

establishes the amount in controversy.  Although defendants have

provided the court with documents purporting to show that the

appraised value of the property and the amount of plaintiff's

indebtedness each exceeds $75,000, the authorities cited in the

amended notice of removal fail to persuade the court that either

of these amounts constitutes the amount in controversy.

No information has been provided to the court that would

enable the court to place a value on whatever interest plaintiff

seeks to protect by this action.  Thus, defendants have not shown

by a preponderance of the evidence that the amount in controversy

in this action exceeds $75,000, exclusive of interest and costs.

Consequently, the court lacks subject matter jurisdiction over

the action, and it should be remanded to the state court from

which it was removed.

IV.

Order

Therefore,

The court ORDERS that this action be, and is hereby,

remanded to the state court from which it was removed.

SIGNED June 2, 2011.

_____
JOHN McBRYDE
United States District Judge

9